# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

BARBARA CARY,

                           Plaintiff,                        DECISION AND ORDER
                                                          06-CV-6421 CJS

      -vs-

TIAA-CREF, also known as Teachers
Insurance and Annuities Association
and College Retirement Equities Fund, et al.

                           Defendant.

_____

## APPEARANCES

For the Plaintiff:                    Rachel Brody Bandych, Esq.
                                       The Somerset Firm, LLC
                                       16 West Main Street, Suite 231
                                       Rochester, NY 14614

For the Defendant:                 Nancy L. Pontius, Esq.
                                         Mackenzie Hughes LLP
                                       101 South Salina Street, Suite 600
                                       Syracuse, NY 13202

For Interpleader Barbara Cary:     Elizabeth A. Wolford, Esq.
                                       Wolford & Leclair LLP
                                       600 Reynolds Arcade Building
                                       16 East Main Street
                                       Rochester, NY 14614

## INTRODUCTION

Before the Court is plaintiff Barbara Cary's motion (# 5) to remand this action back to New York State Supreme Court because she claims that this Court is without jurisdiction. Defendant interpleaded Linda Coleman, formerly known as Linda Cary, who now opposes remand. Defendant TIAA-CREF describes itself as merely an impartial

stakeholder[1] and has not taken a position on plaintiff's motion to remand, and counsel for TIAA-CREF did not appear at oral argument. For the reasons stated below, the Court denies the application.

## BACKGROUND

Plaintiff is the surviving spouse of Thomas Cary, who died September 19, 2005, leaving behind an account with defendant TIAA-CREF worth approximately $500,000. (Cary Aff. (Mar. 8, 2006) Ex. L, Ex. O.) Thomas Cary married Linda Coleman on August 22, 1964, and the marriage ended in a divorce on December 30, 1991. (Cary Aff., at 1.) The judgment of divorce included an award of approximately fifty percent of Thomas Cary's TIAA-CREF accounts[2] to Linda Coleman, but made no mention of her beneficiary rights to the portion retained by Thomas Cary. (Cary Aff. Ex. C.) The judgment was served by mail on TIAA-CREF, which acknowledged its receipt and sent paperwork for Thomas Cary to sign to execute the division ordered by the State divorce court. (Cary Aff. Ex. E.) On March 18, 1992, Linda Coleman signed a waiver with regard to any portion of Thomas Cary's TIAA-CREF accounts not awarded to her in the divorce decree. (Bandych Aff. Ex. N.)

Thomas Cary married plaintiff Barbara Cary on September 23, 1995. (Cary Aff. Ex. I.) However, he never changed his beneficiary form on file with TIAA-CREF to reflect Barbara Cary as the beneficiary instead of Linda Coleman. In his will, executed in 1997,

---

[1]Interpleaded Defendant Linda Coleman asserts in her Answer that "a substantial controversy exists with respect to interpleading plaintiff TIAA-CREF," and asks that TIAA-CREF not be discharged from this action. (Coleman Ans., at 3.)

[2]Although the New York Court of Appeals has held that, "pension benefits and death benefits are two distinct matters," *Kazel v. Kazel*, 3 N.Y.3d 331, 334 (2004), the State court judgment of divorce discussed only "the accumulation" of the two plans. (Judgment of Divorce, *Cary v. Cary*, No. 91-0684MJ, Index No. 02658/91 (N.Y. Sup. Ct. Dec. 19, 1991), attached to Bandych Aff., Ex. E.)

Thomas Cary left all his property to his then wife, Barbara Cary. (Cary Aff. Ex. K.) Upon his death, Barbara Cary made a claim to TIAA-CREF. (Cary Aff. Ex. M.) TIAA-CREF responded stating that because of the beneficiary designation naming Linda Coleman on file with them, Barbara Cary would only be entitled to approximately fifty percent of the more than half-million dollars in Thomas Cary's accounts. (Cary Aff., at 5.)

Barbara Cary commenced a lawsuit against TIAA-CREF in New York State Supreme Court. In her State court complaint, Barbara Cary alleged that she "is the only beneficiary of the retirement funds of Thomas P. Cary held in trust by TIAA-CREF in a [sic] retirement funds annuities." (Compl., *Cary v. TIAA-CREF*, No. (Sup. Ct. N.Y. Mar. 10, 2006, ¶ 30.) She sought in that complaint a "declaration that TIAA-CREF is obligated to pay Barbara Cary any and all retirement funds and annuities held in trust for Thomas P. Cary." (*Id.* Wherefore clause ¶ 2.) TIAA-CREF interpleaded Linda Coleman, who then removed[3] the suit to this Court, alleging federal question jurisdiction under the Employee Retirement Income Security Act ("ERISA").

### STANDARDS OF LAW

Where, as in this case, a defendant relies on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the source of the receiving court's purported original jurisdiction, it must satisfy the requirements of the well-pleaded complaint rule. As the Supreme Court explained in *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987):

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936). The

---

[3]Linda Coleman did not file an index of documents as required by Western District of New York Local Rule 81. Plaintiff Barbara Cary has, however, filed such an index as well as all the documents filed in State court.

rule makes the plaintiff the master of the claim; he or she may avoid federal
jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc.*, 482 U.S. at 392. The Court also explained that,

> it is now settled law that a case may not be removed to federal court on the basis
> of a federal defense, including the defense of pre-emption, even if the defense is
> anticipated in the plaintiff's complaint, and even if both parties concede that the
> federal defense is the only question truly at issue.

*Id.*, at 393 (footnote omitted).

A limited exception to the well-pleaded complaint rule arises, however, where

Congress has mandated the "complete preemption" of a specific area of law, such that any

civil complaint raising a state law claim in that area "is of necessity so federal in character

that it arises under federal law . . . and permits removal to federal court under 28 U.S.C.

§ 1441." *Plumbing Indus. Bd., Plumbing Local Union No. 1 v. E.W. Howell Co., Inc.*, 126

F.3d 61, 66 (2d Cir. 1997) (*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63

(1987)). As the Second Circuit further explained in *Plumbing Indus. Bd.*,

> ERISA preemption provides a valid basis for removal jurisdiction only if (1) the
> state law cause of action is preempted by ERISA, and (2) that cause of action is
> "within the scope" of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C.
> § 1132(a).

*Plumbing Indus. Bd.*,126 F.3d at 66 (citations omitted). The Court of Appeals also stated that,

> state laws of general application that merely impose some burdens on the
> administration of ERISA plans but are not "so acute" as to force an ERISA plan to
> adopt certain coverage or to restrict its choice of insurers should not be disturbed.

*Id.*, at 67 (citation omitted).

## ANALYSIS

### Remand

Plaintiff asserts that this Court is without jurisdiction. She argues that Linda

Coleman's conclusory allegations, that Thomas Cary's accounts "'are subject to the

provisions of ERISA,'" fail to support removal since "a review of the of the initial complaint and answer in the action make no reference to ERISA or its provisions." (Pl.'s Mem. of Law, at 5.) She further argues that under the two-prong test for preemption described by the Second Circuit in the *Plumbing Indus. Bd.* case, and later in *Marcella v. Capital District Physician's Health Plan*, 293 F.3d 42, 46 (2d Cir. 2002), plaintiff's state law cause of action claim is not preempted by ERISA.[4] The Court disagrees.

"Under ERISA, there are two kinds of preemption—'complete and 'conflict' preemption." *Borden v. Blue Cross and Blue Shield of Western New York*, 418 F. Supp. 2d 266, 271 (W.D.N.Y. 2006). As Judge Skretney of this Court explained,

> Complete preemption is a "narrow doctrine," *Franks*, 164 F. Supp. 2d [865] at 872-73 [(W.D. Tex. 2001)], limited to claims brought by an ERISA plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *see also Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir.1995). State law claims which seek such relief are "completely preempted" by ERISA, regardless of how they are pleaded. *See Warner*, 46 F.3d at 534; *see also Taylor*, 481 U.S. at 67, 107 S.Ct. 1542.

*Borden*, 418 F. Supp. 2d at 271. As another district court observed with respect to ERISA enforcement claims,

> Section 502 of ERISA, 29 U.S.C. § 1132, provides a means for an ERISA plan participant "to recover benefits due him under the terms of his plan, *to enforce his rights under the terms of the plan*, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (emphasis added). State law claims which attempt to accomplish these ends, regardless of how they are pleaded, are "completely preempted" by ERISA.

---

[4]The parties have not made an issue of whether the TIAA-CREF benefit is an ERISA plan. Though the plan is not before the Court on the motion, Barbara Cary's State complaint provides that Thomas Cary's TIAA-CREF account was established through his employment with Hobart and William Smith Colleges and provided him with a retirement annuity. Thus, the Court has assumed for the motion that the plan at issue here meets the definition of an employee welfare plan or welfare plan under ERISA. 29 U.S.C. § 1002(1).

*Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 873 (W.D. Tex. 2001). The

Sixth Circuit, interpreting the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Taylor*,

481 U.S. 58, 63 (1987), stated that

> In *Metropolitan Life*, the Court did hold that the scope of the "complete preemption" exception for removal is narrow—it said that it is "reluctant to find that extraordinary pre-emptive power…that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. The Court ruled that the exception is narrowly limited in the ERISA context to state common law or statutory claims that fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B) because "the legislative history consistently sets out this clear intention to make [§ 1132(a)(1)(B)] suits brought by participants or beneficiaries federal questions for the purpose of federal court jurisdiction…" Id. at 66. Therefore, in order to come within the exception a court must conclude that the common law or statutory claim under state law should be characterized as a superseding ERISA action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," as provided in § 1132(a)(1)(B).

*Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995).

Barbara Cary alleges in her State complaint that she is a surviving spouse and, as

such, entitled to her deceased husband's TIAA-CREF retirement funds and annuities. As

a beneficiary, Barbara Cary has the ability to enforce her entitlement to Thomas Cary's

TIAA-CREF assets through an action brought under ERISA. 29 U.S.C. § 1132(a). *See* 29

U.S.C. § 1055 (requiring ERISA plans to have an annuity for the surviving spouse[5]). Her

claim, therefore, meets the second prong of the test for preemption under *Plumbing Indus.*

*Bd.*

---

[5]    Provision of the survivor's annuity may not be waived by the participant, absent certain limited circumstances, unless the spouse consents in writing to the designation of another beneficiary, which designation also cannot be changed without further spousal consent, witnessed by a plan representative or notary public. § 1055(c)(2).

*Boggs v. Boggs*, 520 U.S. 833, 842 (1997).

The first prong of the *Plumbing Indus. Bd.* test requires that Linda Coleman, who has the burden to prove jurisdiction in this Court, *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994), show that "the state law cause of action is preempted by ERISA…." *Plumbing Indus. Bd.*,126 F.3d at 66. Deciding upon the exact nature of Barbara Cary's state cause of action requires the Court to "determine whether [she] has raised claims within the scope of Section 1132(a), which are completely preempted, or whether [Linda Coleman's] arguments are merely assertions of conflict preemption, which cannot form the basis for removal." *Callahan v. Callahan*, 247 F. Supp. 2d 935, 942 (S.D. Ohio 2002).

The crux of Barbara Cary's claim is that she is entitled to the benefits of an ERISA-governed plan since she is the surviving spouse, and Linda Coleman relinquished her "marital property and interest" in the plan through the waivers contained in the QDRO and the plan-generated waiver document. Her complaint asks the State court to declare that she is entitled to plan benefits, and the Linda Coleman is not. The Court finds that this claim is, in essence, a claim under Section 504 of ERISA, 29 U.S.C. § 1132. Accordingly, plaintiff's well-pleaded complaint "is of necessity so federal in character that it arises under federal law . . . and permits removal to federal court under 28 U.S.C. § 1441." *Plumbing Indus. Bd.,* 126 F.3d at 66.

### *Costs*

Plaintiff has also sought costs pursuant to 28 U.S.C. § 1447(c), which provides in pertinent part that, "[a]n order remanding the case may require payment of just costs and

-7-

any actual expenses, including attorney fees, incurred as a result of the removal." She asserts that Linda Coleman lacked an objectively reasonable basis for seeking removal and relies on *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). In that case, the Supreme Court stated,

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 126 S. Ct. at 711. The Court finds that the question of whether ERISA preempted plaintiff's state common-law cause of action was not clearly decided by the prior case law; thus, the Court cannot conclude that Linda Coleman lacked an objectively reasonable basis for removing the case. Consequently, the Court declines to award costs or attorney fees for the removal.

### CONCLUSION

Plaintiff's motion (# 5) to remand this case to State court is denied. Plaintiff's application for costs and attorney's fees is, likewise, denied.

IT IS SO ORDERED.

Dated:   December 18, 2006
         Rochester, New York

ENTER.

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge